IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Case No. 15-33085-H4-13 |
| **MARIA SOUTHALL-SHAW** | § | Chapter 13 |
| Debtor | § | Judge Bohm |

| | | |
|---|---|---|
| **MARIA SOUTHALL-SHAW and** | § | |
| **ELVIS LEE SHAW** | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | Adversary No. 15-03322 |
| **HSBC MORTGAGE SERVICES, INC.,** | § | |
| **AND HOUSEHOLD FINANCE** | § | |
| **CORPORATION III** | § | |
| Defendants | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO APPEAL PURSUANT TO BANKRUPTCY RULE 8003 OR ALTERNATIVELY NOTICE OF APPEAL BY MARIA SOUTHALL-SHAW AND ELVIS LEE SHAW TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND ACOPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

Maria Southall-Shaw and Elvis Lee Shaw, Debtor and Plaintiffs and (hereafter "Appellants") file this motion for leave to appeal pursuant to Bankruptcy Rule 8003 to the United States District Court for the Southern District of Texas under 28 U.S.C § 158, from the judgments, orders, or decrees to wit: (1) Order, signed on June 30, 2017 and entered on June 30, 2017 at

docket number #64 and titled: Order Granting in Part and Denying in Part the Plaintiffs' Motion to Vacate Judgment of May 25, 2017, and (2) the Order, signed on May 25, 2017, and entered on May 25, 2017 at docket #55 and titled: Order Granting HSBC Mortgage Services, Inc. and Household Finance Corporation III's Motion for Judgment on the Pleadings [Adv. Doc. 53], or alternatively allow this pleading as a Notice of Appeal.  The names of the parties to the appeal are listed below:

HSBC Mortgage Services, Inc.
Household Finance Corporation III
Appellee

Joseph P. Griffith
Greenberg Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Attorney for Appellee

Maria Southall-Shaw
Elvis Lee Shaw
21315 Ganton Drive
Katy, Texas 77450
Appellants

Reese Baker
Baker and Associates
5151 Katy Freeway, Ste 200
Houston, TX 77007
Attorney for Appellant

1. This motion for leave to appeal is filed regarding the Orders described above and the dismissal of claims in the Orders.

2. The Bankruptcy Court dismissed the following claims from the Plaintiffs' Amended Complaint of November 23, 2016 with prejudice: Counts I (Negligence), II (Negligent Misrepresentation), III (Breach of Contract), IV (Interference with Existing Contract), VI (Violation of Texas Debt Collection Act), and VIII (Unjust Enrichment)(collectively, the "Dismissed Claims") [Doc. Nos. 46, 55].

3. The Bankruptcy Court did not dismiss the claims under the Truth in Lending Act ("TILA"). The Plaintiffs were allowed fourteen (14) days to re-plead the causes of action under TILA. The Plaintiffs have or will file an amended complaint within the allowed fourteen (14) days.

4. The trial on the merits of the claims involving HSBC Mortgage Services, Household Finance Corporation III and the Debtors under TILA and the Dismissed Claims will involve

significantly and substantially the same facts and circumstances.

5. If the Plaintiffs later appeal the dismissal of the Dismissed Claims and are successful on appeal, a new trial on the Dismissed Claims will involve significantly the same facts and circumstances as the trial on the TILA claims.

6. The determination at this time as to whether the Dismissed Claims should be tried with the TILA claims appears to promote judicial efficiency.

7. An appeal should be granted at this time on the Dismissed Claims in order to determine if the Dismissed Claims are properly dismissed or whether the Dismissed Claims should be tried with the TILA claims.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs request that this motion for leave to appeal the dismissal of the Dismissed Claims from the Orders described in the first paragraph be granted, or alternatively that this motion be treated as a notice of appeal, and for such other and further relief as to which the Plaintiffs are entitled.

Dated: July 13, 2017

Respectfully submitted,

*/s/Reese W. Baker*
Reese W. Baker
TX Bar No. 01587700
Karen Rose
TX Bar No. 24065999
Baker & Associates
5151 Katy Freeway, Suite 200
Houston, TX 77007
713-869-9200
713-869-9100 (Fax)
ATTORNEYS FOR PLAINTIFFS / APPELLANTS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on July 14, 2017, the above PLAINTIFFS' MOTION FOR LEAVE TO APPEAL PURSUANT TO BANKRUPTCY RULE 8003 OR ALTERNATIVELY NOTICE OF APPEAL BY MARIA SOUTHALL-SHAW AND ELVIS LEE SHAW TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS was filed electronically and served upon all parties receiving electronic notice from the Court's ECF notification system in the above-referenced adversary proceeding.

                                                                      */s/ Reese W. Baker*
                                                                        Reese W. Baker