IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA SOUTHALL-SHAW AND ELVIS LEE SHAW, *Plaintiffs*, | § § § § | |
| v. | § § | Case No. 4:17-cv-02181 |
| HSBC MORTGAGE SERVICES, INC., AND HOUSEHOLD FINANCE CORPORATION III *Defendants*. | § § § § | |

**DEFENDANTS HSBC MORTGAGE SERVICES INC. AND HOUSEHOLD FINANCE CORPORATION III'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO APPEAL**

Defendants HSBC Mortgage Services Inc. and Household Finance Corporation III ("Defendants") file their opposition to Plaintiffs' Motion for Leave to Appeal [Adv. Pro. Doc. 67[1]] and would show the Court as follows:

### I. Introduction

Plaintiffs seek an interlocutory appeal from the dismissal of six of their seven claims, notwithstanding that their case remains pending in the Bankruptcy Court. It is black letter law that, absent exceptional circumstances permitted by statute or rule, appeal is proper only as to final orders of the trial court. *See* 28 U.S.C. §§ 158, 1291, 1292; CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 15A FED. PRAC. & PROC. JURIS. § 3905 *et seq.* (2d ed.) (analyzing the final-judgment rule). No exceptional circumstances exist here: Plaintiffs have shown no "substantial ground for difference of opinion" as to any "controlling issue of law," and consequently

---

[1] All adversary proceeding filings cited herein refer to Adversary Proceeding No. 15-03322 and are attached for the Court's convenience.

interlocutory appeal would be inappropriate. *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991). Moreover, parallel trial and appellate proceedings would not "materially advance the ultimate termination of the litigation." *Id.* Rather, it would be an inefficient waste of the District Court's and the parties' resources. Plaintiffs have raised no circumstances justifying departure from the final order doctrine in this case. Plaintiffs' Motion for Leave to Appeal [Adv. Pro. Doc. 67] should be denied.

## II.     Background

On July 2, 2017, the Bankruptcy Court dismissed Plaintiffs' claims for negligence, negligent misrepresentation, breach of contract, interference with existing contract, violation of the Texas Debt Collection Act, and unjust enrichment. [Adv. Pro. Doc. 65.] As to their seventh claim, for violation of TILA, the Court dismissed without prejudice and permitted Plaintiffs to file an amended complaint. [*Id.* at 14.] Plaintiffs filed their Second Amended Complaint on July 14, 2017, alleging a claim for violation of the Truth in Lending Act ("TILA") under 12 C.F.R. § 1026.36(c)(1)(iii). [Adv. Pro. Doc. 66.] Defendants filed their motion to dismiss this remaining claim contemporaneous with this filing. [Adv. Pro. Doc. 77.] In short, litigation of Plaintiffs' TILA claim is ongoing.

Despite the absence of a final judgment, Plaintiffs filed their Motion for Leave to Appeal on July 13, 2017. [Adv. Pro. Doc. 67; *see* Doc. 2.] The request for appeal is docketed in this Court, and the Court issued its Notice of Filing of an Appeal on July 17, 2017, which set deadlines for the filing of designations of record on appeal. [Doc. 1.] To date, Plaintiffs have not filed their designation of record.

## III.     Legal Standards

The District Courts have appellate jurisdiction over all "final judgments, orders, and decrees" issued by the bankruptcy courts. 28 U.S.C. § 158(a)(1). Where a judgment or order is

interlocutory—as is the case with the Bankruptcy Court's July 2, 2017 dismissal order—the appellant must obtain leave of court in order to appeal. *Id.* § 158(a)(3); FED. R. BANKR. P. 8004; *see In re Holloway*, 370 Fed. App'x. 490, 493 (5th Cir. 2010). "[P]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of [trial] court judges, who play a 'special role' in managing ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (discussing the final judgment rule in the context of interlocutory appeal from district court decisions). Interlocutory appeals are permitted sparingly where a balance of the "inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other" comes out in favor of immediate appeal. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950).

Courts apply the principles of 28 U.S.C. § 1292, which governs interlocutory appeals from the district court to the court of appeals, in exercising their discretion to permit interlocutory appeal under 28 U.S.C. § 158(a). *See In re Schepps Food Stores, Inc.*, 148 B.R. 27, 29 (S.D. Tex. 1992) ("The standards for granting leave to appeal an interlocutory order of the bankruptcy court are guided by the statute governing interlocutory appeals from the district court to the circuit court."); *see also In re CES Envtl. Serv., Inc.*, No. CIV.A. H-11-560, 2011 WL 1237939, at *2 (S.D. Tex. Mar. 31, 2011); *In re Reserve Prod., Inc.*, 190 B.R. 287, 289 (E.D. Tex. 1995), *appeal dismissed sub nom. Clark v. Sanders*, 98 F.3d 1337 (5th Cir. 1996); *In re EDP Med. Comput. Sys., Inc.*, 178 B.R. 57, 59 (M.D. Pa. 1995).

Section 1292(b)'s standard has three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the

litigation." *Ichinose*, 946 F.2d at 1177.[2] The second requirement is met under narrow circumstances:

> courts have found there is "substantial ground for difference of opinion" if "a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."

*In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 412 (W.D. La. 2013) (quoting *In re Hallwood Energy, L.P.*, No. BR 09–31253–SGJ–11, 2013 WL 524418, at *3 (N.D. Tex. 2013)). "[A] substantial ground for difference of opinion does not exist because a party simply claims the bankruptcy court ruled incorrectly." *Id.* (internal quotations omitted).

## IV. Argument and Authorities

The principles of Section 1292(b) interlocutory review are particularly applicable here, as this adversary proceeding is no different than ordinary civil litigation regarding Plaintiffs' claims.[3] Because *Ichinose's* second requirement is not met, interlocutory appeal is not warranted here. 946 F.2d at 1177. Even assuming that a controlling issue of law is involved in the dismissal order, Plaintiffs do not contend that there is "a substantial ground for difference of opinion" regarding any question of law at issue in their dismissed claims.

---

[2] In *Ichinose*, the Fifth Circuit observed that "the vast majority of district courts faced with the problem have adopted" Section 1292(b) as the applicable standard for interlocutory review under Section 158, though it did not reach the question of what standard must apply. *Id.*

[3] And the Supreme Court has made clear that even in the bankruptcy context, where finality may be more relaxed than in ordinary litigation, the pertinent question is whether the bankruptcy court's order "finally dispose[s] of discrete disputes within the larger [bankruptcy] case." *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (quoting *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)). The Supreme Court has explained that a bankruptcy court's order is "final" where it "alters the status quo and fixes the rights and obligations of the parties." *Id.* That has not occurred here: there is certainly no finality as to the Bankruptcy Court's interlocutory orders dismissing some but not all of Plaintiffs' claims against Defendants.

A. **The Interlocutory Orders Do Not Involve a Controlling Question of Law on Which there is Substantial Ground for Difference of Opinion**

"[A] substantial ground for difference of opinion does not exist because a party simply claims the bankruptcy court ruled incorrectly." *Cent. La. Grain Co-op.*, 489 B.R. at 412 (internal quotations omitted). Here, the Bankruptcy Court applied well-established legal principles to dismiss Plaintiffs' claims as a matter of law. This alone is enough to warrant denial of Plaintiffs' request for piecemeal interlocutory review. *See id.* at 414 (explaining that the court "need not go into whether immediate appeal would actually materially advance the ultimate termination of the litigation" where the other requirements of Section 1291(b) are not met).

All of Plaintiffs' common law claims were dismissed under well-established principles of Texas law. Plaintiffs' negligence claim was dismissed due to its numerous deficiencies: it is barred by limitations, Defendants do not owe a common law duty to Plaintiffs, and the claim is barred by the economic loss doctrine. [Adv. Pro. Doc. 57 at 6–8; *see* Adv. Pro. Doc. 65 at 11–12.] Their negligent misrepresentation claim was likewise dismissed under the statute of limitations and under the economic loss doctrine. [Adv. Pro. Doc. 57 at 8–9; *see* Adv. Pro. Doc. 65 at 11–12.] Their breach of contract claim was dismissed under Texas authority establishing that a lender's failure to provide a payoff statement—the exact conduct alleged here—does not breach any implied duty to cooperate, even if such a duty exists under Texas law [Adv. Pro. Doc. 65 at 5–7 (citing *Graves v. Logan*, 404 S.W.3d 582, 587 (Tex. App.—Houston [1st Dist.] 2010, no pet.))], and because Plaintiffs were not excused from performance under their promissory note [*id.* at 7–10]. Their tortious interference claim was dismissed because the claim is barred by the two-year statute of limitations and because Plaintiffs did not allege two of the necessary elements of a tortious interference claim under Texas law. [*Id.* at 15; *see* Adv. Pro. Doc. 57 at 11–13.]

Plaintiffs' statutory claims were likewise dismissed based on well-established legal principles. The Texas Debt Collection Act claim was dismissed because "the Plaintiffs cannot make a claim under the TDCA for a wrongful collection action when the mortgage was actually in default—a fact that they admit." [Adv. Pro. Doc. 57 at 17 (citing *In re Trevino*, 535 B.R. 110, 144 (Bankr. S.D. Tex. 2015)); *see* Doc. 65 at 14–15.] The Bankruptcy Court dismissed Plaintiffs' claim for "damage to credit rating" because there is no such cause of action under Texas law. [Adv. Pro. Doc. 57 at 18 (citing *Davis v. Wells Fargo, NA.*, 976 F. Supp. 2d 870, 882–83 (S.D. Tex. 2013)).] Indeed, the Court considered whether Plaintiffs *might* have unartfully attempted to state a claim for violation of the Fair Credit Reporting Act, and determined that any such claim would fail as a matter of law because Plaintiffs do not allege facts showing that the FCRA was violated. [*Id.* at 19–20.]

Because the interlocutory orders that Plaintiffs seek to appeal do not involve questions of law on which there is substantial room for difference of opinion, the Motion should be denied. *See Ichinose*, 946 F.2d at 1177; *In re Cent. La. Grain Co-op.*, 489 B.R. at 412.

**B.     Interlocutory Appeal would not Materially Advance the Ultimate Termination of the Litigation**

Plaintiffs' sole argument for allowing an interlocutory appeal goes to *Ichinose*'s third requirement: that immediate appeal would "materially advance the ultimate termination of the litigation." 46 F.2d at 1177 (citing 28 U.S.C. § 1292(b)). Plaintiffs contend that "[i]f the Plaintiffs later appeal the dismissal of the Dismissed Claims and are successful on appeal, a new trial on the Dismissed Claims will involve significantly the same facts and circumstances as the trial on the TILA claims." (Doc. 67 ¶ 5.)

This argument should be rejected, as the same would be true in nearly every case in this procedural posture. Any time a court dismisses some but not all claims arising from similar facts,

there is some risk of repetition should the dismissal be reversed on appeal. If this potentiality were enough to warrant interlocutory appeal, the exception would swallow the rule. Such a state of the world would turn the principles of finality on their heads, resulting in the kind of "piecemeal" litigation that "undermines 'efficient judicial administration' and encroaches upon the prerogatives of [trial] court judges." *Mohawk Indus.,* 558 U.S. at 106. Indeed, the doctrine of collateral estoppel exists for precisely this reason: "to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the relitigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994); *see United States v. Cessa*, 861 F.3d 121, 140 (5th Cir. 2017) ("Collateral estoppel—or issue preclusion—is the principle that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Finally, the inefficiency of an interlocutory appeal is underscored by the present posture of the sole remaining claim: contemporaneously with filing this opposition, Defendants filed their motion to dismiss Plaintiffs' sole remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [Adv. Pro. Doc. 77.] If this motion is granted, the Bankruptcy Court will issue its final judgment and Plaintiffs' will be free to pursue a single, efficient appeal of the entire adversary proceeding. In any event, litigation of the TILA claim is ongoing, and there is no justification for simultaneously pursuing an appeal of the bankruptcy court's interlocutory orders dismissing Plaintiffs' other claims.

## V. Conclusion and Prayer

Wherefore, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Appeal [Adv. Pro. Doc. 67] and dismiss this interlocutory appeal.

Dated: August 4, 2017

Respectfully submitted,

*/s/Joseph P. Griffith*
Peter S. Wahby
   Attorney in Charge
   State Bar No. 24011171
   S.D. Texas Bar No. 37917
   wahbyp@gtlaw.com
Joseph P. Griffith
   State Bar No. 24045982
   S.D. Texas Bar No. 946129
   griffithj@gtlaw.com
Shari L. Heyen
   State Bar No. 09564750
   S.D. Texas Bar No. 13664
   heyens@gtlaw.com

GREENBERG TRAURIG, LLP
2200 Ross Avenue
Suite 5200
Dallas, Texas 75201
Tel: (214) 665-3600
Fax: (214) 665-3601

ATTORNEYS FOR DEFENDANTS HSBC MORTGAGE SERVICES INC. AND HOUSEHOLD FINANCE CORPORATION III

## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF system on August 4, 2017.

*/s/Joseph P. Griffith*
Joseph P. Griffith