**ADVERSARY PROCEEDING DOCKET NO. 57.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

ENTERED
05/25/2017

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **MARIA SOUTHALL-SHAW,** | § | **Case No. 15-33085** |
| | § | |
| Debtor. | § | **Chapter 13** |
| | § | |
| | § | |

| | | |
|---|---|---|
| **MARIA SOUTHALL-SHAW AND** | § | |
| **ELVIS LEE SHAW,** | § | |
| | § | |
| **Plaintiffs** | § | **Adversary No. 15-03322** |
| | § | |
| v. | § | |
| | § | |
| **HSBC MORTGAGE SERVICES, INC.** | § | |
| **HOUSEHOLD FINANCE** | § | |
| **CORPORATION III AND CALIBER** | § | |
| **HOME LOANS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING HSBC MORTGAGE SERVICES, INC. AND HOUSEHOLD FINANCE CORPORATION III'S MOTION FOR JUDGMENT ON THE PLEADINGS
### [Adv. Doc. No. 53]

### I. INTRODUCTION

The Court must decide whether to grant HSBC Mortgage Services, Inc. ("HSBC") and Household Finance Corporation III's ("Household") Motion for Judgment on the Pleadings. The Court has already entered the Order Granting Caliber Home Loans, Inc.'s Motion to Dismiss Plaintiffs' Claims Under Rule 12(b)(6)[1] (the "Order"). [Adv. Doc. No. 46]. Further, the Court denied the Plaintiffs' Motion to Reconsider Dismissal of Complaint as to Defendant Caliber Home Loans, Inc. (the "Motion to Reconsider") and mooted Caliber Home Loans, Inc.'s ("Caliber") Motion to Strike, and in the Alternative, Response to the Motion to Reconsider (the

---

[1] Hereinafter, any reference to a "Rule" refers to the Federal Rules of Civil Procedure.

1

"Motion to Strike"). [Adv. Doc. No. 54]. However, now before this Court is the proposed dismissal of the claims against HSBC and Household. For the reasons set forth herein, the Court finds that these claims should also be dismissed, which results in the dismissal of the entire complaint of Maria Southall-Shaw and Elvis Lee Shaw (the "Plaintiffs").

## II. BRIEF FACTUAL AND PROCEDURAL HISTORY

On December 11, 2015, the Plaintiffs initiated this adversary proceeding by filing the Original Complaint (the "Original Complaint"). [Adv. Doc. No. 1]. Then, on November 23, 2016, the Plaintiffs filed their First Amended Complaint against HSBC, Household, and Caliber (collectively, the "Defendants") (the "Live Complaint"). [Adv. Doc. No. 38]. On December 9, 2016, HSBC and Household filed their Answer to the Live Complaint and Affirmative Defenses (the "Answer"). [Adv. Doc. No. 45].

HSBC was the original servicer for the mortgage note (the "Note") for the Plaintiffs' property located at 21315 Ganton Drive, Katy, Texas 77450 (the "Property"). [Adv. Doc. No. 38, p. 4 ¶ 16]. Household is the present owner and holder of the Note. [*Id.* at p. 6 ¶ 25] In June 2013, the Plaintiffs allege that HSBC failed to provide them with a useable payoff statement by the closing date the Plaintiffs had with a buyer who was attempting to purchase the Property. [*Id.* at p. 4 ¶ 17]. Due to this alleged failure, the Plaintiffs were unable to close the sale on the Property. [*Id.* at p. 4 ¶ 19]. However, before closing was to occur, the Plaintiffs moved out of the Property and began leasing a home, and allowed the buyer to move into the Property. [*Id.* at p. 5 ¶ 20]. The Plaintiffs subsequently fell behind in their mortgage payments on the Property and incurred interest and fees under the Note. [*Id.* at p. 5 ¶ 21]. Household then initiated foreclosure proceedings on the Property. [Adv. Doc. No. 53, p. 3 ¶ 4]. Then, around October 2013, Caliber became the mortgage servicer for the Property. [Adv. Doc. No. 38, p. 6 ¶ 26].

2

The Plaintiffs contend that HSBC and Household are liable because the Defendants: (1) breached the legal duty owed to the Plaintiffs by failing to provide an accurate payoff statement, [*id.* at p. 8 ¶¶ 37–38]; (2) provided five inaccurate payoff statements in violation of the Note which the Plaintiffs relied on to their detriment, [*id.* at p. 9 ¶¶ 43–45]; and (3) interfered with an existing contract that caused the sale of the Property to fall through, [*id.* at p. 11 ¶¶ 55–58]. In sum, the Plaintiffs have alleged various counts against the Defendants including: (1) negligence; (2) negligent misrepresentation; (3) breach of contract; (4) interference with an existing contract; (5) violation of Truth in Lending Act ("TILA"); (6) violation of the Texas Debt Collection Act ("TDCA"); (7) damage to credit rating; and (8) unjust enrichment. [*Id.* at pp. 8–15].

On December 7, 2016, Caliber filed its Motion to Dismiss Plaintiffs' Claims Under Rule 12(b)(6) (the "Motion to Dismiss"). [Adv. Doc. No. 44]. Caliber asserted that the Plaintiffs failed to plead any basis for which Caliber could be liable to the Plaintiffs and, therefore, the Court should dismiss Caliber from the adversary proceeding. [*Id.* at p. 1 ¶ 1]. On January 9, 2017, this Court entered the Order because the Live Complaint failed to state a claim for relief against Caliber and, as a separate and distinct basis, because the Plaintiffs failed to respond to the Motion to Dismiss. [Adv. Doc. No. 46].

Then, on January 23, 2017, the Plaintiffs filed their Motion to Reconsider. [Adv. Doc. No. 48]. The Plaintiffs did not present any new arguments and failed to present any supporting authority. On March 2, 2017, Caliber filed its Motion to Strike. [Adv. Doc. No. 52]. Further, on May 15, 2017, HBSC and Household filed their Motion for Judgment on the Pleadings. [Adv. Doc. No. 53]. Then, on May 24, 2017, the Court entered an order denying the Motion to Reconsider and finding the Motion to Strike moot. [Adv. Doc. No. 54]. Therefore, at this point, the only Defendants left in the adversary proceeding are HSBC and Household.

For the reasons that follow, the Court grants the Motion for Judgment on the Pleadings.

### III.    STANDARDS FOR THE MOTION FOR JUDGMENT ON THE PLEADINGS

HSBC's and Household's Motion for Judgment on the Pleadings is made according to Rule o 12(c). [Adv. Doc. No. 53, p. 4 ¶¶ 6–8]. Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The standard of Rule 12(c) is the same as Rule 12(b)(6). *Gentiello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

A court may grant a request for dismissal under Rule 12(b)(6) when a party fails to "state a claim upon which relief can be granted." The determination of a Rule 12(b)(6) motion requires a court to "accept[ ] all well-pleaded facts [of the complaint] as true, viewing them in the light most favorable to the plaintiff." *Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (quoting *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007)). Thus, a court may not look outside of the complaint when ruling on a Rule 12(b)(6) motion. *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). But, "[b]ecause the standards for Rule 12(c) and Rule 12(b)(6) are the same, a court may consider the same kinds of documents in a Rule 12(c) motion that it could consider in a Rule 12(b)(6) motion." *Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2015 WL 1802910, at *2 (S.D. Tex. Apr. 17, 2015).

Further, a Rule 12(b)(6) motion should be denied if the plaintiff pleads "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "[T]he complaint must contain either direct allegations or permit properly drawn inferences to support" all facts necessary for proper relief. *Torch Liquidating Trust*, 561 F.3d at 384 (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)). The defendant bears the burden to show that the plaintiff has not stated a claim. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

## IV. THE COURT GRANTS THE MOTION FOR JUDGMENT ON THE PLEADINGS

The Court now considers the merits of the Motion for Judgment on the Pleadings and will analyze each of the Plaintiffs' counts against HSBC and Household in order to explain why granting the Motion for Judgment on the Pleadings is warranted. Because the Court has already dismissed the claims against Caliber, the granting of the Motion for Judgment on the Pleadings results in a dismissal of the Live Complaint it its entirety.

As explained below, the Court dismisses many of the causes of action against HSBC and Household as meritless because the claims fall outside of the applicable statute of limitations.[2] It is appropriate to dismiss claims pursuant to statute of limitations "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Here, the Live Complaint is clear as to when the Defendants allegedly harmed the Plaintiffs and the Plaintiffs do not assert

---

[2] 11 U.S.C. § 108(a) "generally allows a Trustee or a debtor-in-possession to commence an action in a non-bankruptcy proceeding within the later of the limitations period allowed for such proceeding or two years after the order for relief." *Estate of Carr ex. rel. Carr v. U.S.*, 482 F.Supp.2d 842, 850 (2007); *see also In re Bowen*, No. 02-10109-RLJ-13, Adv. No. 03-1007, 2004 Bankr. LEXIS 356, at *25 (N.D. Tex. 2004) ("There is no statutory authority allowing a Chapter 13 debtor to utilize this tolling provision [i.e., 11 U.S.C. § 108]."); *In re Ranasinghe*, 341 B.R. 556, 567 (Bankr. E.D. Va. 2006) (holding that "a chapter 13 debtor does not receive the benefit of the § 108(a) extension"); *In re Gaskins*, 98 B.R. 328, 330 (Bankr. E.D. Tenn. 1989) ("Section 108(a) specifically extends the time for the bankruptcy trustee, not for the debtor who is in bankruptcy."). It is clear that this extension of time is only available for debtors-in-possession and trustees—Congress did not intend for it to be utilized by Chapter 13 debtors—and therefore, it is not available to the Plaintiffs.

any grounds for tolling. Thus, the Court concludes that it is permitted to dismiss such claims on statute of limitations grounds. Finally, the Court also finds that there are other grounds for dismissing these claims.

## A. Negligence

"The Texas statute of limitations for negligence . . . is two years." *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1307 (5th Cir. 1993). If brought timely, the Court can consider the elements of a negligence claim, pursuant to Texas law, which are: "(1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (internal citation and quotation omitted); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). However, in the context of mortgage servicers and mortgagors, the first element necessarily fails because "there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty." *Miller v. CitiMortgage, Inc.*, 970 F.Supp.2d 568, 585 (N.D. Tex. 2013); *see also In re Blackston*, 557 B.R. 858, 873 (Bankr. D. Md. 2016) (finding no "intimate nexus" between a mortgage servicer and a customer).

The Plaintiffs allege that "the Defendants had a legal duty to service the Plaintiffs' Note and Deed of Trust with reasonable diligence, including providing the Plaintiffs with an accurate payoff statement." [Adv. Doc. No. 38, p. 8 ¶ 37]. Further, the Plaintiffs assert that the "Defendants breached this duty by providing the Plaintiffs with five different payoff statements" that each had different amounts owed on the Note. [*Id.* at p. 8 ¶ 38]. They assert that this breach caused the sale of the Property to fail, resulting in damages. [*Id.* at pp. 8–9 ¶ 39]. In response, HSBC and Household argue that the Court should dismiss the negligence claim because of the

6

economic-loss doctrine. [Adv. Doc. No. 53, pp. 5–6 ¶¶ 10, 12–14]. For this reason, and others, this Court agrees.

First, the two-year statute of limitations period bars the Plaintiffs from now asserting a negligence claim. In Texas, the appropriate time to bring a negligence action is within two years from when the cause of action accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(b) (WestlawNext 2015); *F.D.I.C.*, 4 F.3d at 1307. In both the Original Complaint and the Live Complaint, the Plaintiffs assert that HSBC failed to provide an adequate payoff statement as of June 21, 2013, the closing date. [Adv. Doc. No. 1, p. 2 ¶ 11]; [Adv. Doc. No. 38, p. 4 ¶ 17]. The Plaintiffs assert that this failure forms the basis of the negligence action. [Adv. Doc. No. 38, p. 8 ¶ 38]. Yet, the Plaintiffs filed their Original Complaint on December 11, 2015. [Adv. Doc. No. 1]. This is outside of the two-year statute of limitations.

Second, because HSBC was merely the mortgage servicer and Household a mortgagor, neither entity owed a legal duty to the Plaintiffs; therefore, the Plaintiffs cannot assert a claim for negligence against HSBC or Household. *See Miller*, 970 F.Supp.2d at 585.

Third, as HSBC and Household argue, the negligence claim would still fail because of the economic-loss doctrine. In Texas, "the economic-loss doctrine bars recovery on a tort claim for 'economic damages recoverable under a breach of contract claim.'" *Id.* at 587 (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2007, pet denied)); *see also Kiper v. BAC Home Loans Serv., LP*, 884 F.Supp.2d 661, 573 n.3 (S.D. Tex. 2012). Thus, the Court cannot allow recovery for negligence if the damages sought are the same damages as those sought for a breach of contract. *See Miller*, 970 F.Supp.2d at 587 (dismissing a negligence claim against a servicer because of the economic-loss doctrine).

Here, the Plaintiffs seek damages for their negligence claim for having to "incur interest and fees on the Note which they would not otherwise have incurred." [Adv. Doc. No. 38, p. 9 ¶ 40]. For the breach of contract claim, the Plaintiffs seek "moving expenses and rent for a home they did not need and incurred interest and other charges . . . that they would not have incurred but for the Defendants' breach [of contract]." [*Id.* at p. 10 ¶ 51]. Thus, any damages that the Plaintiffs seek for the negligence action are also recoverable under their breach of contract claim. The economic-loss doctrine therefore applies and the Plaintiffs' claim of negligent misrepresentation must fail as a matter of law. *Miller*, 970 F.Supp.2d at 586–87.

For all of these reasons, the Plaintiffs' negligence claim must fail as a matter of law.

## B. Negligent Misrepresentation

A plaintiff has two years from the date the negligent misrepresentation cause of action accrues to bring a claim. *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1371 (5th Cir. 1994) (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003)). A timely claim for negligent representation under Texas law

> consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation."

*Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005) (internal quotation and citation omitted).

For this claim, the Plaintiffs argue that by providing inaccurate payoff statements, the Defendants failed to "exercise reasonable care or competence in communicating the payoff information." [Adv. Doc. No. 38, p. 9 ¶ 44]. By such failure, the Plaintiffs contend that they

"relied on the inaccurate payoff statements provided by HSBC by incurring the cost of moving and entering into a lease agreement for a new home." [*Id.* at p. 9 ¶ 45]. In response, HSBC and Household argue that the economic-loss doctrine also bars the negligent misrepresentation claim. [Adv. Doc. No. 53, pp. 7–8 ¶¶ 15–17]. For this reason, and others, this Court agrees.

First, the negligent misrepresentation claim is not timely. In Texas, a plaintiff must bring a negligence misrepresentation action within two years from when the cause of action accrues. *Kansa*, 20 F.3d at 1371 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(b)). In both the Original Complaint and the Live Complaint, the Plaintiffs assert that HSBC failed to provide an adequate payoff statement as of June 21, 2013, the closing date. [Adv. Doc. No. 1, p. 2 ¶ 11]; [Adv. Doc. No. 38, p. 4 ¶ 17]. The Plaintiffs assert that this failure forms the basis of the negligent misrepresentation action. [Adv. Doc. No. 38, p. 9 ¶ 44]. The Plaintiffs filed their Original Complaint on December 11, 2015. [Adv. Doc. No. 1]. This is outside of the two-year statute of limitations.

Second, the negligent misrepresentation claim would still fail for one additional reason. In Texas, "the economic-loss doctrine bars recovery on a tort claim for 'economic damages recoverable under a breach of contract claim.'" *Miller*, 970 F.Supp.2d at 587 (quoting *Sterling*, 259 S.W.3d at 796); *see also Kiper*, 884 F.Supp.2d at 573 n.3. Thus, the Court cannot allow recovery under negligent misrepresentation if the damages sought are the same for the breach of contract. *See Kiper*, 884 F.Supp.2d at 577 (dismissing a negligent misrepresentation claim against a mortgage servicer when the damages sought were the same as the damages sought for breach of contract).

Here, the Plaintiffs seek damages for their negligent misrepresentation claim for "incurring the cost of moving and entering into a lease agreement for a new home." [Adv. Doc.

No. 38, p. 9 ¶ 45]. For the breach of contract claim, the Plaintiffs seek "moving expenses and rent for a home they did not need and incurred interest and other charges . . . that they would not have incurred but for the Defendants' breach [of contract]." [*Id.* at p. 10 ¶ 51]. Thus, any damages that the Plaintiffs seek for the alleged negligent misrepresentation are recoverable under their breach of contract claim. Because of this, the economic-loss doctrine applies and the Plaintiffs' claim of negligent misrepresentation must fail as a matter of law. *Miller*, 970 F.Supp.2d at 586–87.

For all of these reasons, the Plaintiffs' negligent misrepresentation claim must fail as a matter of law.

### C. Breach of Contract

In Texas, to recover a breach of contract claim, the plaintiff must prove the following elements: "'(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th] 2005, pet. denied)). The plaintiff has four years from the date the harm accrued to bring a breach of contract claim. *F.D.I.C.*, 4 F.3d at 1307 (citing Tex. Civ. Prac. & Rem. Code Ann. § 16.004)). However, failure to state what portion of the contract was allegedly breached warrants dismissal under Rule 12(b)(6). *See Motten v. Chase Home Fin.*, 831 F.Supp.2d 988, 1003–04 (S.D. Tex. 2011).

Here, the Plaintiffs' claim is timely and they argue that they had a valid contract with the Defendants and that the Defendants breached the contract "by failing to provide the Plaintiffs

with a usable payoff statement . . . ." [Adv. Doc. No. 38, p. 10 ¶¶ 48–50]. However, the Plaintiffs do not assert which portion of the contract that HSBC or Household breached.

In response, HSBC and Household argue that the Live Complaint contains insufficient information to withstand a motion to dismiss. [Adv. Doc. No. 53, p. 8 ¶ 19]. Further, they assert that the Plaintiffs do not "point to any provision [of the contract] that obligates the Defendants to provide it with a usable payoff statement on command." [*Id.* at p. 9 ¶ 19]. HSBC and Household allege that this failure warrants dismissal pursuant to Rule 12(b)(6). [*Id.*]. Further, HSBC and Household maintain that the Plaintiffs' failure to provide facts supporting proof of damages or adequate performance on their part warrants dismissal. [*Id.* at p. 10 ¶ 20].

The Court agrees with HSBC and Household. The Plaintiffs have not stated which portion of the contract they believe HSBC and Household to have breached; thus, the Plaintiffs cannot prevail on their breach of contract claim. *See Motten*, 831 F.Supp.2d at 1003–04. For this reason, the Plaintiffs' breach of contract claim must fail as a matter of law.

## D. Interference with an Existing Contract

In order to bring this cause of action, a plaintiff must assert it "within two years following the date the cause of action accrued." *5636 Alpha Rd. v. NCNB Tex. Nat. Bank*, 879 F.Supp. 655, 663 (N.D. Tex. 1995). There are four elements that a plaintiff must satisfy to prove interference with an existing contract: "(1) the existence of a contract subject to interference, (2) the act of interference was willful and intentional, (3) such intentional act was a proximate cause of plaintiff's damage and (4) actual damage or loss occurred." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316 (5th Cir. 2000). "The third element, proximate causation, requires cause in fact or substantial factor and foreseeability," which means that the damage would not have occurred but for the act or omission. *Super Future Equities, Inc.*

11

*v. Wells Fargo Bank Minn., N.A.*, 553 F.Supp.2d 680, 694 (N.D. Tex. 2008) (internal quotation omitted).

In support of their position, the Plaintiffs allege the following: (1) that they had a valid contract between themselves and a party who was intending to purchase the Property; (2) that the Defendants willfully and intentionally interfered with this contract when they failed to provide a valid payoff statement; and (3) that such interference caused the Plaintiffs to pay "unnecessary moving expenses and rent for another home" and incur additional charges under the Note. [Adv. Doc. No. 38, p. 11 ¶¶ 55–57].

In response, HSBC and Household argue that the Plaintiffs did not adequately plead that any alleged interference was willful and intentional. [Adv. Doc. No. 53, pp. 23–24]. They maintain that claiming that the "Defendants willfully and intentionally interfered with the Sales Contract by failing to provide the Plaintiffs with a usable payoff statement to complete the sale" is too "conclusory" and "threadbare" to survive a Rule 12(b)(6) motion. [*Id.*]. Indeed, they emphasize that this claim cannot survive absent proof that HSBC and/or Household induced one of the contracting parties to the sale to breach. [*Id.*]. The Court agrees.

First, the interference with an existing contract claim is not timely. In Texas, the appropriate time to bring this cause of action is within two years from when the cause of action accrues. *5636 Alpha Road*, 879 F.Supp. at 663. In both the Original Complaint and the Live Complaint, the Plaintiffs assert that HSBC failed to provide an adequate payoff statement as of June 21, 2013, the closing date. [Adv. Doc. No. 1, p. 2 ¶ 11]; [Adv. Doc. No. 38, p. 4 ¶ 17]. The Plaintiffs assert that this failure forms the basis of the interference action. [Adv. Doc. No. 38, p. 11 ¶¶ 56–57]. The Plaintiffs filed their Original Complaint on December 11, 2015. [Adv. Doc. No. 1]. This is outside of the two-year statute of limitations that expired on June 21, 2015.

12

Second, assuming that the Plaintiffs' allegations are true and timely, there was an existing contract between the Plaintiffs and a buyer. [Adv. Doc. No. 38, p. 3 ¶ 15]. The Plaintiffs assert that the Defendants willfully and intentionally interfered with this contract by failing to provide the payoff statement by the closing date of the sale. [*Id.* at p. 11 ¶ 56]. However, the Plaintiffs do not accuse HSBC or Household of any intentional interfering acts. Further, the Plaintiffs cannot prove that HSBC or Household's actions caused their alleged damages because such damages are not foreseeable. Indeed, to "show proximate cause, a plaintiff must allege that the defendant took an active part in persuading a party to a contract to breach it." *M-I LLC v. Stelly*, 733 F.Supp.2d 759, 775 (S.D. Tex. 2010); *see also Ceramic Performance Worldwide, LLC v. Motor Works, LLC*, No. 3-09-CV-0344-BD, 2010 WL 234804, at *3 (N.D. Tex. Jan. 21, 2010) (dismissing plaintiff's claims for failure to allege facts for actions that were willful and intentional). Because the Plaintiffs have not pleaded such allegations, this cause of action necessarily fails.

For all of these reasons, the Plaintiffs' interference with an existing contract claim must fail as a matter of law.

## E. Violation of the Truth in Lending Act

The Plaintiffs argue that the Defendants violated TILA, specifically, 15 U.S.C. §§ 1639(t) and 1639g, by failing to provide a payoff statement. [Adv. Doc. No. 38, p. 11 ¶ 60]. The Plaintiffs only generally refer to the Defendants, not to HSBC or Household specifically. In response, HSBC and Household argue that they cannot be held liable under 15 U.S.C. § 1639g because it was not enacted at the time of the alleged wrong. [Adv. Doc. No. 53, pp. 12–13 ¶¶

13

26–27]. Further, they argue that the claim under 15 U.S.C. § 1639(t) is barred by limitations.[3] [*Id.* at p. 13 ¶¶ 28–29].

The Court finds that the claims are timely. However, the Court also finds that there is one reason to dismiss the TILA claim against HSBC and one reason to dismiss the TILA claims against both HSBC and Household. The Court addresses each in turn.

1. <u>Mortgage Servicers, Like HSBC, Cannot be Held Liable Under TILA</u>

The Plaintiffs cannot maintain a cause of action under TILA against HSBC because of 15 U.S.C. § 1641(f)(1), which provides that: "A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation."

Here, the Plaintiffs have only asserted that HSBC was the mortgage servicer, [Adv. Doc. No. 38, p. 4 ¶ 16]; they have not alleged that HSBC was the assignee or owner of their mortgage, but they do allege that Household was the assignee, [*id.* at p. 5 ¶ 24]. Thus, the TILA claims against HSBC must fail. *See Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 718–19 (6th Cir. 2013) (dismissing TILA claims against a servicer because "TILA expressly exempts servicers from liability unless the servicer was also a creditor or a creditor's assignee"); *Dolan v. Fairbanks Capital Corp.*, 930 F.Supp.2d 396, 418 (E.D. N.Y. 2013) (dismissing TILA claims

---

[3] The Court rejects their statute of limitations argument. 15 U.S.C. § 1640(e) provides the statute of limitations applicable to 15 U.S.C. §§ 1639(t) and 1639g, which states that "any violation of section 1639 . . . maybe brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation." Further, it states that "[a]n action to enforce a violation of section 1639 . . . [or] 1639g . . . of this title may be also be brought. . . not later than 3 years after the date on which the violation occurred." 15 U.S.C. § 1640(e); see also Heimeshoff v. Hartford Life & Acc. Ins. Co., —U.S.—, 134 S.Ct. 604, 610–11 (2013) (stating that "Congress generally sets statutory periods to begin when their associated causes of action accrue . . . .").

Here, the Plaintiffs assert that the violation (i.e., failure to provide the payoff statements) occurred on or before June 21, 2013, the date of the closing. [Adv. Doc. No. 38, p. 4 ¶ 17]. The Plaintiffs received the last payoff statements by June 27, 2013. [*Id.*]. Further, in their TILA cause of action, the Plaintiffs assert that they "requested a payoff statement from the Defendants no later than June 18, 2013." [*Id.* at p. 11 ¶ 61]. Thus, the statute of limitations expired no later than June 27, 2016. However, the Plaintiffs filed their Original Complaint on December 11, 2015, well within this three-year deadline.

when the plaintiff failed to proffer any evidence that the defendant was the owner of the plaintiff's debt); *Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1246 (9th Cir. 2012) (finding 15 U.S.C. § 1641(f)(2) to preclude liability absent evidence that defendant was an assignee); *see also Cenat v. U.S. Bank, N.A.*, 930 F.Supp.2d 1347, 1354 (S.D. Fla. 2013) (listing cases where the servicer is only liable if it is also the assignee).

   2. The Plaintiffs Cannot Maintain a Cause of Action Under 15 U.S.C. § 1639g Against
      Either HSBC or Household because this Section was not Enacted at the Time of the
      Alleged Violation

15 U.S.C. § 1639g states that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." This section "was created in Title XIV of the Dodd-Frank Wall Street Reform and Consumer Protection Act." *Hittle v. Residential Funding Corp.*, No. 2:13-cv-353, 2014 WL 3845802, at *3 (S.D. Ohio Aug. 5, 2014) (citing Pub. Law. No. 111–203, § 1464; 124 Stat. 1376, 2184–85 (2010)). The *Hittle* court explains that according to the Dodd-Frank Act, "the effective date of this section is determined by the effective date of those regulations, or, in this case, January 10, 2014." *Id.* (citing Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10,902, 11,007 (effective Jan. 10, 2014)). In fact, these rules specifically state that the "final rule is effective on January 10, 2014." Mortgage Servicing Rules, 78 Fed. Reg. at 10,978.

While the Fifth Circuit has issued no opinions pertaining to the effective date of 15 U.S.C. § 1639g and how it affects liability, the Supreme Court has held that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The Mortgage Servicing Rules explicitly provide for an effective date of January 10, 2014 and

leave out any retroactive language, so any actions that would fall within this purview that occurred before this date fall outside the scope of these statutory provisions. *See Hittle*, 2014 WL 3845802, at *3.

Here, the Plaintiffs allege their damage occurred from HSBC's failure "to provide a usable payoff statement by the closing date of June 21, 2013." [Adv. Doc. No. 38, p. 4 ¶ 17]. Further, they assert the damage occurred because the payoff statement provided by the Defendants was incorrect. However, this damage occurred before January 10, 2014. This Court does not have the power to retroactively apply 15 U.S.C. § 1639g absent express language in the rule. Because there is no such language, the statute bars the Plaintiffs from asserting this cause of action against HSBC and Household.

For all of these reasons, the Plaintiffs' TILA claim must fail as a matter of law.

## F. Violation of Texas Debt Collection Act

To state a claim under the TDCA, the Plaintiffs "must show [that] (1) the debt at issue is a consumer debt; (2) [HSBC and Household are] debt collectors within the meaning of the TDCA; (3) [HSBC and Household] committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against [the Plaintiffs]; and (5) [the Plaintiffs were] injured as result of [HSBC and Household's] wrongful act." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 743 (E.D. Tex. 2013). Under the TDCA, the second prong may be satisfied when a debt collector "threaten[s] to take actions prohibited by law and mak[es] fraudulent, deceptive, or misleading representations." *Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2015 WL 1802910, at *2 (S.D. Tex. Apr. 17, 2015).

In their Live Complaint, the Plaintiffs allege that HSBC's act of providing the inconsistent payoff statements from 2013 was a violation of the TDCA because the statements

were "false, deceptive, and misleading." [Adv. Doc. No. 38, p. 12 ¶ 66]. They further allege that the false statements caused them "to incur interest and fees . . . and unnecessary rent and moving expenses." [*Id.* at p. 12 ¶ 67]. In response, HSBC and Household argue that: (1) the TDCA claims are "devoid of supporting fact," [Adv. Doc. No. 53, p. 14 ¶ 31]; and (2) there was no debt collection, [*id.* at p. 14 ¶ 32]. Thus, they assert the Plaintiffs' TDCA claims must fail. [*Id.* at p. 14–15 ¶ 32].

The Plaintiffs' claim under the TDCA fails for three reasons. First, the Plaintiffs cannot make a claim under the TDCA for a wrongful collection action when the mortgage was actually in default—a fact that they admit, [*see* Adv. Doc. No. 38, p. 5 ¶ 21]. *See In re Trevino*, 535 B.R. 110, 144 (Bankr. S.D. Tex. 2015) (dismissing a TDCA action because the collector could "not misrepresent the character and amount of the debt or use a false representation or deceptive means to collect the debt because the property taxes were in fact in default"). Second, the Plaintiffs have not alleged which section of the TDCA HSBC or Household allegedly violated. [Adv. Doc. No. 38, p. 12 ¶¶ 63–68]. Thus, the Plaintiffs have not met the third element.

Third, the Court could presume that the Plaintiffs intended to assert a violation under § 392.303(a)(2) of the TDCA, which "prohibits debt collectors from attempting to collect fees or expenses incidental to the original obligation . . . which are not expressly authorized by the agreement creating the obligation." *In re Trevino*, 535 B.R. at 144. However, even under this section, the Plaintiffs' claims would fail because the relevant agreement—the Note—authorized collection efforts. [*See* Adv. Doc. No. 44-1, p. 2 of 3 (stating that there are late charges for overdue payments)].

For all of these reasons, the Plaintiffs' TDCA claim must fail as a matter of law.

### G. Damage to Credit Rating

The Plaintiffs contend that HSBC and Household caused damage to their credit rating because by allegedly undermining the sale of the Property, the Plaintiffs were forced make both mortgage payments on the Property and rent, causing them to fall behind on the mortgage, thereby resulting in the negative credit information. [Adv. Doc. No. 38, p. 13 ¶ 71]. The Plaintiffs assert that "[b]ut for the Defendants' failure to provide a usable payoff statement, the Plaintiffs would not have incurred the damage to their credit ratings." [*Id.* at p. 13 ¶ 73]. Thus, potentially, they appear to have two claims: (1) inaccurate reporting to credit bureaus; and (2) damages for loss of credit.

In response, HSBC and Household argue that damage to credit rating is a form of damages, not a cause of action. [Adv. Doc. No. 53, p. 15 ¶ 33]. This Court agrees and addresses each of the Plaintiffs' claims.

#### 1. Loss of Credit

"Texas law recognizes *damages* for 'loss of credit,' which are 'recoverable as actual damages in a suit where damage to credit was the necessary and usual result of the defendant's actions.'" *Davis v. Wells Fargo, N.A.*, 976 F.Supp.2d 870, 882–83 (S.D. Tex. 2013) (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 872 (Tex. App.—Dallas 2008, no pet.)) (emphasis added). In Texas, a claim for loss of credit is not an independent cause of action; it only comes into play when the court begins to measure damages. *Id.* Thus, any findings here would not affect the pleading stage, but would affect the award of damages. *Id.* Here, there would not be any damages because the Plaintiffs cannot recover on the merits on any of their claims (i.e., negligence, negligent misrepresentation, breach of contract, interference with an existing

18

contract, violation of TILA, violation of the TDCA, damage to credit rating, and unjust enrichment); thus, the loss of credit argument must fail.

2. <u>Inaccurate Information Furnished to Credit Reporting Agencies</u>

Here, the Plaintiffs have not pled any specific statutory violations for HSBC's or Household's alleged inaccurate reporting to credit agencies; they merely allege that "the Defendant's failure to provide a usable payoff statement . . . [caused] damage to their credit ratings." [Adv. Doc. No. 38, p. 13 ¶ 73]. Because the Plaintiffs have failed to provide any legal authority to support their position, the Court will go to the merits of the claim pursuant to the Fair Credit Reporting Act ("<u>FCRA</u>"). *See Lyons v. America's Wholesale Lender*, No. 3:13-CV-2608-B, 2014 WL 12640238, at *6 (N.D. Tex. Apr. 15, 2014) (using the FCRA when the plaintiffs did not "specify[] the law that gives rise to [his Damage to Credit Reputation] cause of action"). The Court will not consider a state law cause of action because the FCRA preempts such actions. *Davis*, 976 F.Supp.2d at 882.

"The FCRA was . . . was crafted to protect an individual from inaccurate or arbitrary information in a consumer report . . . and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *St. Paul Guardian Ins. Co. v. Johnson*, 884 F.2d 881, 883 (5th Cir. 1989). "While the FCRA primarily regulates consumer credit reporting agencies, the statute also creates various obligations on furnishers of information to provide accurate information to consumer credit reporting agencies." *Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *14 (W.D. Tex. Aug. 23, 2010) (internal quotations omitted). A claim under the FCRA is timely if it is filed within two years of discovery of the basis for liability or within five years after the injury occurred. 15 U.S.C. § 1681p.

19

Specifically, the FCRA "prohibits reporting 'any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.'" *Davis*, 976 F.Supp.2d at 882 (citing 15 U.S.C. § 1681s-2(a)(1)(A)). It also prevents a person from furnishing "any information relating to a consumer to any consumer reporting agency if . . . (i) the person has been notified by the consumer. . . that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *Lyons*, 2014 WL 12640238, at *6 (citing 15 U.S.C. § 1681s-2(a)(1)(B)).

While their claim is timely, the Plaintiffs cannot state a claim under the FCRA. First, any information regarding the Plaintiffs' defaulted Note that HSBC or Household sent to credit reporting agencies would have been accurate—indeed, the Plaintiffs admit that the Note was in default. [Adv. Doc. No. 38, p. 5 ¶ 21]. Moreover, even if the information was false, here, the Plaintiffs have not expressly alleged that HSBC or Household disseminated the information *with knowledge* that it was false, thereby falling short of the 15 U.S.C. § 1681s-2(a)(1)(A) requirement. *See Lyons*, 2014 WL 12640238, at *6 (granting a motion to dismiss when the plaintiff did not allege that the defendant "knowingly conveyed false information to the credit reporting agency"). Finally, the Plaintiffs have not alleged any facts implicating that they notified HSBC or Household of the alleged inaccuracies in their credit report as required by 15 U.S.C. § 1681s-2(a)(1)(B).

For all of these reasons, the Plaintiffs' damage to credit rating claim must fail as a matter of law.

## H. Unjust Enrichment

This cause of action is "governed by a two-year statute of limitations." *Terra Nova Scis., LLC v. JOA Oil and Gas Hous., LLC*, 738 F.Supp.2d 689, 697–98 (S.D. Tex. 2010). Unjust

enrichment is a viable cause of action "'when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.'" *Forbes v. CitiMortgage, Inc.*, 998 F.Supp.2d 541, 553 (S.D. Tex. 2014) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992)).

Here, the Plaintiffs have not asserted this cause of action against HSBC or Household; therefore, it is not viable against these defendants. However, even if it was viable, this claim is not timely. In Texas, the appropriate time to bring this cause of action is within two years from when the cause of action accrues. *Terra Nova Scis., LLC*, 738 F.Supp.2d at 697–98. In both the Original Complaint and the Live Complaint, the Plaintiffs assert that HSBC failed to provide an adequate payoff statement as of June 21, 2013, the closing date. [Adv. Doc. No. 1, p. 2 ¶ 11]; [Adv. Doc. No. 38, p. 4 ¶ 17]. The Plaintiffs assert that this failure forms the basis of the unjust enrichment action. [Adv. Doc. No. 38, p. 14 ¶ 75]. The Plaintiffs filed their Original Complaint on December 11, 2015. [Adv. Doc. No. 1]. This is outside of the two-year statute of limitations.

Second, typically, "there can be no recovery [on a theory of unjust enrichment] when the same subject matter is covered by an express contract." *Baxter v. PNC Bank Nat. Ass'n*, 541 Fed. App'x. 395, 397 (5th Cir. 2013). This can be overcome if there is proof that the underlying contract is invalid. *Thompson v. Bank of Am., N.A.*, 13 F.Supp.3d 636, 651 (N.D. Tex. 2014). However, failure to offer such evidence causes the claim to automatically fail. *Id.* at 651–52. Here, because the Plaintiffs have not alleged that the contract is invalid, they cannot assert a theory of unjust enrichment. Further, even if they could assert this claim, the Plaintiffs have not pled any facts to prove that HSBC or Household defrauded them, caused duress, or took undue advantage. Thus, for theses reason, the claim also fails. *See Forbes*, 998 F.Supp.2d at 553.

For all of these reasons, the Plaintiffs' unjust enrichment claim must fail as a matter of law.

## V.   CONCLUSION

The Court finds that the Motion for Judgment on the Pleadings has merit.  The Plaintiffs have failed to plead any cause of action that could withstand a motion under Rule 12(b)(6), and because the standard is the same for a Rule 12(c) motion, the Motion for Judgment on the Pleadings must be granted.  This means that all of the Plaintiffs' claims against all of the Defendants are dismissed.

It is therefore:

**ORDERED** that the Motion for Judgment on the Pleadings is GRANTED; and it is further

**ORDERED** that all claims against HSBC and Household are dismissed with prejudice.

Signed on this 25th day of May, 2017.

Jeff Bohm
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

Southall-Shaw,
            Plaintiff                                    Adv. Proc. No. 15-03322-jb

HSBC Mortgage Services, Inc.,,
            Defendant

## CERTIFICATE OF NOTICE

District/off: 0541-4          User: ltie          Page 1 of 1          Date Rcvd: May 25, 2017
                             Form ID: pdf111      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 27, 2017.
pla            +Maria Southall-Shaw,    2610 Katie Harbor,    Manvel, TX 77578-4838

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

                ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
pla             Elvis Lee Shaw
dft             HSBC Mortgage Services, Inc.,
dft             Household Finance Corporation III
                                                                       TOTALS: 3, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner**
**shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social**
**Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required**
**by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 27, 2017                          Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 25, 2017 at the address(es) listed below:
          Joseph Patrick Griffith    on behalf of Defendant    HSBC Mortgage Services, Inc.,
          griffithj@gtlaw.com, jimisons@gtlaw.com
          Joseph Patrick Griffith    on behalf of Defendant    Household Finance Corporation III
          griffithj@gtlaw.com, jimisons@gtlaw.com
          Melissa S Hayward   on behalf of Defendant    Caliber Home Loans, Inc.
          MHayward@franklinhayward.com,  Mholmes@franklinhayward.com
          Reese W Baker    on behalf of Plaintiff Maria  Southall-Shaw courtdocs@bakerassociates.net,
          i.go@bakerassociates.net;igotnotices@gmail.com;courtdocsrbaker@gmail.com;courtdocsstaylor@gmail.c
          om;reese.baker@bakerassociates.net;bakernotices@gmail.com;baker5151calendar@gmail.com;staff@baker
          associates.net;igo&#0
          Reese W Baker    on behalf of Plaintiff Elvis Lee Shaw courtdocs@bakerassociates.net,
          i.go@bakerassociates.net;igotnotices@gmail.com;courtdocsrbaker@gmail.com;courtdocsstaylor@gmail.c
          om;reese.baker@bakerassociates.net;bakernotices@gmail.com;baker5151calendar@gmail.com;staff@baker
          associates.net;igo&#0
          Shari L Heyen   on behalf of Defendant    Household Finance Corporation III heyens@gtlaw.com,
          jamrokg@gtlaw.com
          Shari L Heyen    on behalf of Defendant    HSBC Mortgage Services, Inc., heyens@gtlaw.com,
          jamrokg@gtlaw.com
                                                                              TOTAL: 7