# ADVERSARY PROCEEDING DOCKET NO. 66.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| MARIA SOUTHALL-SHAW, § | Case No. 15-33085-H4-13 | |
| Debtor § | Chapter 13 | |
| § | | |
| MARIA SOUTHALL-SHAW AND § | | |
| ELVIS LEE SHAW, § | | |
| Plaintiffs § | | |
| § | Adversary No. 15-03322 | |
| vs. § | | |
| § | | |
| HSBC MORTGAGE SERVICES, INC., AND § | | |
| HOUSEHOLD FINANCE CORPORATION III, § | | |
| Defendants § | | |
| § | | |

## SECOND AMENDED COMPLAINT

Maria Southall-Shaw and Elvis Lee Shaw (the "Shaws" or the "Plaintiffs"), file this Second Amended Complaint against HSBC Mortgage Services, Inc. ("HSBC") and Household Finance Corporation III ("HFC")(collectively, the "Defendants").

### PARTIES AND JURISDICTION

1. Maria Southall-Shaw and Elvis Lee Shaw are individual Texas residents and may be served through the undersigned counsel.

2. HSBC is a Delaware corporation and may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. HFC is a Delaware corporation and may be served through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Plaintiffs consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## STATEMENT OF THE RELEVANT FACTS

7. The Plaintiffs are the owners of real property located at 21315 Ganton Drive, Katy, Texas 77450 (the "Property"). The Plaintiffs purchased the Property as their homestead and had a mortgage on the Property.

8. In June of 2013, the Plaintiffs attempted to sell the Property. The Plaintiffs entered a contract (the "Sales Contract") to sell the Property to Shao Jun Yang (the "Buyer") for $390,000. The sale was to close on June 21, 2013.

9. At least as early as June 18, 2013, the Plaintiffs requested a payoff statement from a mortgage servicer on the Property. On information and belief, HSBC was a servicer of the mortgage on the Property at this time and was the entity who received the Plaintiffs' request.

10. The Defendants failed to provide a usable payoff statement by the closing date of June 21, 2013. As of June 24, 2013, HSBC provided a payoff statement dated in 2009, which the escrow company could not accept to complete closing on the Property. By June 27, 2013, HSBC had provided two payoff statements showing different amounts owed on the Property without

any reconciliation of the amounts. The escrow company could not accept the payoff statements to complete closing without reconciliation of the different amounts in the payoff statements from HSBC.

11. The Plaintiffs and employees of the escrow company spent two to three hours per day on the phone with HSBC over several days attempting to obtain a usable payoff statement from HSBC, but were unsuccessful. In total, HSBC sent five different payoff statements alleging five different payoff amounts on the Property.

12. Because the escrow company never received a usable payoff statement from the Defendants and never received any reconciliation from the Defendants of the five different pay-off amounts HSBC alleged in the various payoff statements, the escrow company would not close the sale of the Property and the Sales Contract fell through.

13. Based on their expectation that they could obtain a usable payoff statement from the Defendants and complete the sale of the Property, the Plaintiffs moved all of their belongings out of the Property and entered into a contract to lease a home in Brazoria county prior to the closing date.

14. When the Plaintiffs entered the Sales Contract, they were current on the mortgage on the Property. After the Plaintiffs moved to their new home and began making rental payments under the lease, they were unable to make the mortgage payments on the Property and fell behind. The Plaintiffs incurred interest and fees under the mortgage as a result of the unsuccessful sale. The Plaintiffs suffered from emotional distress due to the prospect of losing the Property through foreclosure. In addition, the missed mortgage payments also damaged the Plaintiffs'

credit rating.

15. On information and belief, HCF was the noteholder of the mortgage on the Property at the time of the attempted sale and had contracted with HSBC for HSBC to fulfill HCF's obligation to service the mortgage on the Property.

16. Since the attempted sale, Caliber Home Loans, Inc. became a servicer of the mortgage on the Property and has taken collection actions against the Plaintiffs, including collection of interest and penalties under the mortgage and attempted foreclosure of the Property. Caliber reported negative credit information regarding the Plaintiffs because of the missed mortgage payments until the Plaintiffs filed bankruptcy on June 2, 2015.

17. HSBC and HFC are large national corporations involved in the mortgage industry. On information and belief, they each have originated a high-cost mortgage through a mortgage broker or have originated two or more high-cost mortgages in a 12-month period.

### CAUSES OF ACTION

18. The following claims from the Plaintiffs' Amended Complaint of November 23, 2016 have been dismissed with prejudice: Counts I (Negligence), II (Negligent Misrepresentation), III (Breach of Contract), IV (Interference with Existing Contract), VI (Violation of Texas Debt Collection Act), and VIII (Unjust Enrichment)(collectively, the "Dismissed Claims"). [Doc. Nos. 46, 55].

19. By removing the Dismissed Claims from this Second Amended Complaint, the Plaintiffs do not intend to abandon the claims for purposes of appeal. The Plaintiffs incorporate herein the Dismissed Claims as stated in the Amended Complaint of November 23, 2016 to the

extent necessary for appeal.

**COUNT V: VIOLATION OF THE TRUTH IN LENDING ACT**

20. The Plaintiffs incorporate by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

21. At the time of the events described above, 12 C.F.R. § 1026.36(c)(1)(iii) required the Defendants to provide an accurate payoff statement to the Plaintiffs within a reasonable time after the Plaintiffs' request or the request of any person acting on behalf of the Plaintiffs.

22. At the time of these events, HSBC was acting as the agent of HFC with respect to the mortgage on the Property.

23. The Plaintiffs requested a payoff statement from the Defendants no later than June 18, 2013.

24. Although the Defendants nominally provided the Plaintiffs with a number of pay-off statements, the statements provided were not accurate and failed to communicate the payoff amount of the mortgage due to their conflicting amounts. Therefore, the Defendants failed to fulfill their obligation under 12 C.F.R. § 1026.36(c)(1)(iii).

25. As a result of the Defendants' failure to provide the Plaintiffs with a payoff statement satisfying 12 C.F.R. § 1026.36(c)(1)(iii), the Plaintiffs incurred actual damages including additional interest and fees on the mortgage, loss of the sale of the Property, rental and moving costs associated with the Plaintiffs' futile move to the rental property in Brazoria County, emotional distress, and damage to the Plaintiffs' credit rating.

**ATTORNEY FEES**

26. In addition, the Plaintiffs seek to recover the costs of this action, together with reasonable attorney fees pursuant to 15 U.S.C. § 1640(a)(3).

**PRAYER**

WHEREFORE, the Plaintiffs request that the Court enter judgment in favor of the Plaintiffs for the damages incurred by the Plaintiffs, including without limitation, additional interest and fees on the mortgage, damage to credit of the Plaintiffs, damages for loss of the sale of the Property, damage for payments of rental amounts at another location, damages for emotional distress, punitive damages in an amount to be determined at trial, and attorney fees and costs. The Plaintiffs additionally request any such other and further relief to which they may be entitled.

Dated: July 14, 2017

Respectfully submitted,

*/s/ Reese W. Baker*
Reese Baker
Baker & Associates
Texas State Bar No. 01587700
5151 Katy Freeway, Suite 200
Houston, Texas 77007
Telephone: (713) 869-9200
Fax: (713) 869-9100
Attorneys for Plaintiffs

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | Case No. 15-33085-H4-13 |
|    **MARIA SOUTHALL-SHAW** § | | Chapter 13 |
|      Debtor § | | Judge Bohm |
| **MARIA SOUTHALL-SHAW and** § | | |
| **ELVIS LEE SHAW** § | | |
|      Plaintiffs § | | |
| § | | |
| vs. § | | Adversary No. 15-03322 |
| **HSBC MORTGAGE SERVICES, INC.,** § | | |
| **AND HOUSEHOLD FINANCE** § | | |
| **CORPORATION III** § | | |
|      Defendants § | | |

## ORDER GRANTING LEAVE TO APPEAL

CAME ON for consideration the motion of Maria Southall-Shaw and Elvis Lee Shaw, Debtor and Plaintiffs and (hereafter "Appellants") for leave to appeal pursuant to Bankruptcy Rule 8003 to the United States District Court for the Southern District of Texas under 28 U.S.C § 158, from the judgments, orders, or decrees to wit: (1) Order, signed on June 30, 2017 and entered on June 30, 2017 at docket number #64 and titled: Order Granting in Part and Denying in Part the Plaintiffs' Motion to Vacate Judgment of May 25, 2017, and (2) the Order, signed on May 25, 2017, and entered on May 25, 2017 at docket #55 and titled: Order Granting HSBC Mortgage Services, Inc. and Household Finance Corporation III's Motion for Judgment on the Pleadings [Adv. Doc. 53], and this court determining that such motion should be granted, it is hereby

ORDERED, that the Plaintiffs are granted leave to appeal the above Orders to the United States District Court for the Southern District of Texas.

Dated:_____

_____
Jeff Bohm
United States Bankruptcy Judge