**ADVERSARY PROCEEDING DOCKET NO. 77**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| MARIA SOUTHALL-SHAW, § | | CASE NO. 15-33085-H4-13 |
| *Debtor* § | | Chapter 13 |

| | | |
|---|---|---|
| MARIA SOUTHALL-SHAW AND § | | |
| ELVIS LEE SHAW, § | | |
| *Plaintiffs*, § | | |
| § | | |
| v. § | | Adversary Proceeding |
| § | | No. 15-03322 |
| HSBC MORTGAGE SERVICES, INC., AND § | | |
| HOUSEHOLD FINANCE CORPORATION III § | | |
| *Defendants*. § | | |

**DEFENDANTS HSBC MORTGAGE SERVICES INC. AND HOUSEHOLD
FINANCE CORPORATION III'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 2
    a. Plaintiffs' Allegations and Case Posture.............................................................. 2
    b. The Effect of Dodd-Frank on 15 U.S.C. § 1640. ................................................ 4
    c. 12 C.F.R. § 1026.36 in Effect as of June 2013. ................................................... 6
III. LEGAL STANDARDS ................................................................................................... 7
IV. ARGUMENTS AND AUTHORITIES ........................................................................... 7
    a. Plaintiffs' Claim For Violation of TILA is Barred by the Statute of Limitations. . 7
    b. Plaintiffs Fail to State a Claim for Violation of TILA Against HFC ..................... 9
V. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 7

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*,
   522 U.S. 192 (1997) .................................................................................................. 8

*Bowen v. Georgetown Univ. Hosp.*,
   488 U.S. 204 (1988) .................................................................................................. 7

*Hittle v. Residential Funding Corp.*,
   No. 2:13-CV-353, 2014 WL 3845802 (S.D. Ohio Aug. 5, 2014) ............................... 5

*McCrimmon v. Wells Fargo Bank, N.A.*,
   516 Fed App'x. 372 (5th Cir. 2013) .......................................................................... 8

*R2 Investments LDC v. Phillips,*
   401 F.3d 638 (5th Cir. 2005) .................................................................................... 7

*Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*,
   365 F.3d 353 (5th Cir. 2004) .................................................................................... 7

*Townsend v. BAC Home Loans Servicing*,
   461 Fed. App'x. 367 (5th Cir. 2011) ......................................................................... 8

*Van Duzer v. U.S. Bank, N.A.*,
   995 F. Supp. 2d 673 (S.D. Tex. 2014) (Lake, J.) ...................................................... 8

*Wike v. Vertrue, Inc.*,
   566 F.3d 590 (6th Cir. 2009) .................................................................................... 8

*Williams v. Countrywide Home Loans, Inc.*,
   504 F. Supp. 2d 176 (S.D. Tex. 2007) (Rosenthal, J.), *aff'd*, 269 Fed. App'x 523 (5th Cir.
   2008) ......................................................................................................................... 8

**Other Authorities**

12 C.F.R. § 1024.2(b)(26) (2013) ..................................................................................... 6, 9

12 C.F.R. § 1026.36(c)(1)(iii) (2013) ........................................................................ 1, 3, 6, 9

15 U.S.C. § 1602(cc)(7) ........................................................................................................ 9

15 U.S.C. § 1639 ............................................................................................................. 3, 4

15 U.S.C. 1640(e) (2013) ........................................................................................... 1, 4, 5, 8

Dodd-Frank Wall Street Reform and Consumer Protection Act,
   Pub. Law No. 111-203, 123 Stat. 1376 (2010) ...................................................... 4, 5

Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z),
   78 Fed. Reg. 10,902, 11,007 (effective Jan. 10, 2014) .......................................... 5, 8

DEFENDANTS HSBC MORTGAGE SERVICES, INC. AND HOUSEHOLD FINANCE
CORPORATION III'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT          PAGE ii

**Rules**

Federal Rule of Bankruptcy Procedure 7012(b) ........................................................................... 1, 7

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 1, 7

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants HSBC Mortgage Services Inc. ("HSBC") and Household Finance Corporation III ("HFC," collectively the "Defendants") file this Motion to Dismiss Plaintiffs' Second Amended Complaint [ECF 66] and would respectfully show the Court the following:

### I.     INTRODUCTION

1.     The sole remaining cause of action that Plaintiffs Maria Southall-Shaw and Elvis Lee Shaw (the "Plaintiffs") assert in their Second Amended Complaint is for violation of the Truth in Lending Act ("TILA"). The Second Amended Complaint fails to state a claim against Defendants. Plaintiffs' claim fails as a matter of law because the applicable statute of limitations in effect in June 2013 for a claim brought pursuant to 12 C.F.R. § 1026.36(c)(1)(iii) (2013) ("Section 1026.36") is one year. *See* 15 U.S.C. 1640(e) (2013). Plaintiffs allege that in June 2013 Defendants violated Section 1026.36 by failing to provide a usable payoff statement, but did not file their Original Complaint until December 11, 2015—over two years after the events at issue. Furthermore, Section 1026.36 only applies to "servicers" of a mortgage loan. Plaintiffs affirmatively state that HFC contracted away its responsibility to service Plaintiffs' mortgage loan to HSBC—therefore Plaintiffs have failed to state a claim against HFC.

2.     For these reasons, Plaintiffs' claim for violation of TILA is facially deficient and barred by the statute of limitations. Accordingly, the Court should dismiss Plaintiffs' Second Amended Complaint with prejudice because any amendment would be futile.

## II. BACKGROUND

*a.   Plaintiffs' Allegations and Case Posture.*

3.   In June of 2013, Plaintiffs attempted to sell a parcel of real property located at 21315 Ganton Drive, Katy, Texas 77450 (the "Katy Property").[1]  Prior to the close of this sale, Plaintiffs entered into a lease on a different property located just south of Galveston, Texas (the "New Property").[2]  Plaintiffs were unable to finalize the sale of their Katy Property.[3]

4.   Plaintiffs contend they soon became unable to maintain both the rental payments on the New Property and the mortgage payments on the Katy Property.[4]  Unable to maintain their mortgage payments, HFC—as the mortgage holder—initiated foreclosure proceedings on the Katy Property.  Plaintiffs allege their failure to sell the Katy Property is due to HSBC's failure—as the mortgage loan servicer—to provide a usable payoff statement at the time of sale in June 2013.[5]

5.   Over two years later, on December 11, 2015, Plaintiffs' filed their Original Complaint against HFC, HSBC, and Caliber Homes[6] wherein they asserted seven causes of action stemming from their attempted sale of the Katy Property in June 2013.[7]  Plaintiffs filed their First Amended Complaint on November 23, 2016.[8]  In both the Original and First Amended Complaints, Plaintiffs alleged that they were asserting a claim for violation of TILA pursuant to

---

[1] Second Am. Compl., ECF 66, at ¶ 8.

[2] Second Am. Compl., ECF 66, at ¶ 13.

[3] Second Am. Compl., ECF 66, at ¶ 12.

[4] Second Am. Compl., ECF 66, at ¶ 14.

[5] Second Am. Compl., ECF 66, at ¶¶ 9–13.  In paragraph 9, Plaintiffs state that "HSBC was a servicer of the mortgage on the Property at this time and was the entity who received the Plaintiffs' request."  However, in paragraph 10, Plaintiffs allege generally that "the Defendants failed to provide a usable payoff statement by the closing date of June 21, 2013."

[6] All claims against Caliber Homes have been dismissed.

[7] *See* Original Compl., ECF 1.

[8] *See* First Am. Compl., ECF 38.

---

DEFENDANTS HSBC MORTGAGE SERVICES, INC. AND HOUSEHOLD FINANCE
CORPORATION III'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT          PAGE 2

"15 U.S.C. §§ 1639(t) and 1639g."[9] Defendants moved for Judgment on the Pleadings, arguing, *inter alia*, that 15 U.S.C. § 1639g had not been enacted nor become effective as of June 2013 and therefore Plaintiffs' claims failed as a matter of law.[10] The Court agreed with Defendants and dismissed Plaintiffs' TILA claim, along with each of the other claims Plaintiffs asserted in their First Amended Complaint.[11]

6. On June 8, 2017, Plaintiffs moved the Court to vacate its order dismissing Plaintiffs' claims. Specifically, Plaintiffs stated that they mistakenly cited to 15 U.S.C. § 1639g as the basis for their TILA claim.[12] Instead, Plaintiffs argued that they intended to assert a claim against Defendants under 12 C.F.R. § 1026.36(c)(1)(iii) for failing to provide an accurate payoff statement within a reasonable time after receiving a request for one.[13] The Court then granted Plaintiffs' motion, in part, to allow them an opportunity to amend their pleadings to allege a cause of action under 12 C.F.R. § 1026.36(c)(1)(iii), but denied their motion as to each of the other six claims.[14] Plaintiffs filed their Second Amended Complaint on July 14, 2017, alleging that Defendants violated 12 C.F.R. § 1026.36(c)(1)(iii) in June 2013 by failing to provide an accurate payoff statement.[15]

7. Specifically, Plaintiffs allege that "at least as early as June 18, 2013" they "requested a payoff statement from a mortgage servicer on the Property."[16] Furthermore,

---

[9] Original Compl., ECF 1, ¶ 39; Am. Compl., ECF 38, at ¶ 60.

[10] D.s' Motion for Judgment on the Pleadings, ECF 53, at ¶¶ 26–27.

[11] Order Granting D.s HSBC Mortgage Services, Inc. and Household Finance Corporation III's Motion for Judgment on the Pleadings, ECF 57, at p. 13–15.

[12] Pl.s' Resp. to D.s Motion for Judgment on the Pleadings, ECF 58, at ¶ 63.

[13] *Id.* (Plaintiffs mistakenly cited to 12 C.F.R. § 1026.36(c)(3) in their response).

[14] Order Granting in Part and Denying in Part the Plaintiff's Motion to Vacate Judgment of May 25, 2017, ECF 65, at p. 12–14.

[15] Second Am. Compl., ECF 66, at ¶¶ 10–13.

[16] Second Am. Compl., ECF 66, at ¶ 9.

Plaintiffs allege that HFC was the noteholder of the mortgage on the Property at the time of the attempted sale and that HSBC had contracted with HFC to fulfill HFC's obligation to service the mortgage on the Property.[17] Nowhere in their Second Amended Complaint do Plaintiffs allege that HFC was responsible for servicing their mortgage loan. Rather, Plaintiffs specifically allege that HFC was **not** responsible for servicing their mortgage loan.

b. *The Effect of Dodd-Frank on 15 U.S.C. § 1640.*

8. The statute of limitations for an action brought pursuant to TILA is codified at 15 U.S.C. § 1640(e). Prior to the passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. Law No. 111-203, 123 Stat. 1376 (2010) ("Dodd-Frank"), Section 1640(e) provided a one-year statute of limitations for TILA claims brought by private parties. Section 1640 was amended by Title XIV of Dodd-Frank to add a three-year statute of limitations for claims brought under certain, specifically listed TILA provisions codified at 15 U.S.C. § 1639, Section 1639b, and 1639c. *See* Pub. L. No. 111-203, § 1416, 123 Stat. 1376.[18]

9. The amendments to Section 1640(e) were not yet effective in June 2013 because the effective date for Title XIV of Dodd-Frank was not until January 10, 2014.[19] As one court has succinctly explained:

> The effective date for Title XIV is determined as follows:
>
> (2) Effective date established by rule.—Except as provided in paragraph (3), a section, or provision thereof, of this title shall take effect on the date on which

---

[17] Second Am. Compl., ECF 66, at ¶ 15.

[18] The provisions listed in Dodd-Frank's statutory text refer to the statutory provisions in TILA. *Id.* § 1640(b)(2) ("Any action under this section with respect to any violation of section 129, 129B, or 129C . . ."). Upon codification of Dodd-Frank's amendment, these sections were replaced with the codified provisions of TILA. *See* 15 U.S.C. § 1640(e) (2017) ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title . . .").

[19] As this Court has noted, Title XIV of Dodd-Frank also created 15 U.S.C. § 1639g. *See* Order Granting D. HSBC Mortgage Services, Inc. and Household Finance Corporation III's Motion for Judgment on the Pleadings, ECF 57, at p. 15 (citing *Hittle v. Residential Funding Corp.*, No. 2:13-CV-353, 2014 WL 3845802, at *3 (S.D. Ohio Aug. 5, 2014)).

the final regulations implementing such section, or provision, take effect.

(3) Effective date.—A section of this title for which regulations have not been issued on the date that is 18 months after the designated transfer date shall take effect on such date.

Dodd-Frank, Pub. Law No. 111-203, § 1400(c); 124 Stat. 1376, 2136. As regulations have been promulgated, the effective date of this section is determined by the effective date of those regulations, or, in this case, January 10, 2014.

*Hittle*, 2014 WL 3845802, at *3 (citing Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10,902, 11,007 (effective Jan. 10, 2014)). Therefore, Section 1640(e)—as it is now codified—was not in effect in June 2013. The version of Section 1640(e) that was in effect in June 2013, prior to the modifications enacted by Dodd-Frank, stated:

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, *within one year from the date of the occurrence of the violation* or, in the case of a violation involving a private education loan (as that term is defined in section 1650 (a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. . . . An action to enforce a violation of section 1639 of this title may also be *brought by the appropriate State attorney general in any appropriate United States district court, or any other court of competent jurisdiction, not later than 3 years after the date on which the violation occurs.*

15 U.S.C. § 1640(e) (2013) (emphases added). In short, in 2013 Section 1640(e) provided a one-year limitations period for private actions and a three-year limitations period for enforcement actions brought by a state attorney general.

10. Dodd-Frank amended Section 1640(e), in relevant part, by inserting the following new sentence: "Any action under this section with respect to any violation of section [1639], [1639b], or 1639c] may be brought in any United States district court, or in any other court of competent jurisdiction, before the end of the 3-year period beginning on the date of the occurrence of the violation." Pub. Law No. 111–203, § 1416, 124 Stat 1376. The pre–Dodd-Frank version of the statute of limitations did not contain a three-year extended limitations period

---

for claims brought pursuant to Section 1639, Section 1639b, or Section 1639c; this carve-out was added by Dodd-Frank and took effect on January 10, 2014. Rather, under the provision applicable in 2013, *any* private action brought pursuant to TILA—or Regulation Z—must be brought within one year of the violation.

c. <u>12 C.F.R. § 1026.36 in Effect as of June 2013.</u>

11. As this Court has discussed, the 2013 version of 12 C.F.R. § 1026.36(c)(1)(iii) states that:[20]

> In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall:
>
> [. . .]
>
> Fail to provide, within a reasonable time after receiving a request from the consumer or any person acting on behalf of the consumer, an accurate statement of the total outstanding balance that would be required to satisfy the consumer's obligation in full as of a specified date.

This Court has also explained that a "servicer" as used in Section 1026.36 (2013) was defined as "person[s] responsible for servicing of a mortgage loan."[21] 12 C.F.R. § 1024.2(b)(26) (2013).

12. Accordingly, and as discussed below, Plaintiffs' claim for violation of TILA is barred by the statute of limitations that was in place in June 2013. Furthermore, Plaintiffs' claim against HFC for violation of TILA fails as a matter of law because Plaintiffs have specifically pled that HFC was not a "servicer" of their loan, and therefore Section 1026 does not apply to HFC. For these reasons, Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

---

[20] Order Granting in Part and Denying in Part the Plaintiff's Motion to Vacate Judgment of May 25, 2017, ECF 65, at p. 13.

[21] *Id.* at p. 14.

### III.  LEGAL STANDARDS

13. Federal Rule of Bankruptcy Procedure 7012(b) states that Rules 12(b)–(i) of the Federal Rules of Civil Procedure apply in adversary proceedings. Defendants move this Court to dismiss Plaintiffs' claim against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

14. The Court is well aware of the law applicable to motions to dismiss. A complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, the Court should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)).

### IV.  ARGUMENTS AND AUTHORITIES

a. *Plaintiffs' Claim For Violation of TILA is Barred by the Statute of Limitations.*

15. Plaintiffs assert claims relating to conduct that purportedly occurred in June 2013.[22] As the Supreme Court has held, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). The Mortgage Servicing Rules Under the Truth in Lending Act, which enacted the amendments to Section 1640.36, explicitly provide for an effective date of January 10, 2014 and are devoid of any retroactive language. *See* Mortgage Servicing Rules Under the Truth in Lending Act (Regulation Z), 78 Fed. Reg. 10902-01, 2013

---

[22] Second Am. Compl., ECF 66, at ¶¶ 10–13.

WL 525348 (Feb. 14, 2013). Accordingly, any action that occurred prior to January 10, 2014, would not be subject to the amendments effected by Title XIV of Dodd-Frank. Therefore, the statute of limitations applicable to Plaintiffs' claim for violations of TILA, which allegedly occurred in June 2013, is subject to Section 1640(e) as it existed in June 2013.

16. As discussed above, in June 2013 Section 1640(e) dictated that any private action brought under TILA must be commenced within one year of the violation. Courts recognized as much at the time. *See, e.g. McCrimmon v. Wells Fargo Bank, N.A.*, 516 Fed App'x. 372, 373 (5th Cir. 2013) (applying Section 1640(e)'s one-year statute of limitations to claims of improper disclosure under TILA); *Townsend v. BAC Home Loans Servicing*, 461 Fed. App'x. 367, 372 (5th Cir. 2011) (applying one-year limitations period); *Van Duzer v. U.S. Bank, N.A.*, 995 F. Supp. 2d 673, 700 (S.D. Tex. 2014) (Lake, J.) (stating that the general statute of limitations provided by Section 1640(e) is one year); *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 186 (S.D. Tex. 2007) (Rosenthal, J.), *aff'd*, 269 Fed. App'x 523 (5th Cir. 2008) (same). The amendment to Section 1640(e) extending this limitation to three years for certain TILA claims was not in effect in June 2013, when the conduct at issue occurred.[23]

17. Plaintiffs did not file their Original Complaint until December 11, 2015—over two years after the alleged violation occurred. By Section 1640(e)'s very terms, any action for a violation must be brought within one year "from the date of the occurrence of the violation." 15 U.S.C. § 1640(e) (2013); *cf. Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997)). Plaintiffs specifically allege that Defendants violated TILA through their

---

[23] Importantly, the portion of Section 1640(e) (2013) that does provide for a limitations period of three years only applies to action brought by a "State attorney general."

conduct in June 2013. For this reason, the Plaintiffs' claim for violation of TILA is barred by the statute of limitations in effect in June 2013, and must be dismissed.

b. *Plaintiffs Fail to State a Claim for Violation of TILA Against HFC.*

18. Plaintiffs assert a claim for violation of TILA against HFC pursuant to 12 C.F.R. § 1026.36(c)(1)(iii) (2013). Section 1026.36 states that: "[i]n connection with a consumer credit transaction secured by a consumer's principal dwelling, **no servicer shall** . . ." (emphasis added). A "servicer" is defined as "person[s] responsible for servicing of a mortgage loan."[24]

19. Plaintiffs specifically state that "HCF [sic] was the noteholder of the mortgage on the Property at the time of the attempted sale and had contracted with HSBC for HSBC to fulfill HCF's [sic] obligation to service the mortgage on the Property."[25] By Plaintiffs' own allegations, HFC was not a "servicer" of the mortgage loan. Consequently, 12 C.F.R. § 1026.36(c)(1)(iii) (2013) imposes no obligation on HFC because it was not a "servicer" of the loan. For this reason, Plaintiff has failed to state a claim against HFC for violation of TILA. Accordingly, the Court should dismiss Plaintiffs' claim against HFC.

## V. CONCLUSION

20. Plaintiffs allege that Defendants violated the Truth in Lending Act in June 2013. Accordingly the Court must apply the TILA provisions in effect at that time. The statute of limitations in effect in June 2013 dictates that any claim for violation of TILA must be brought within one year of the alleged violation. Plaintiffs initiated this action over two years after the conduct they claim gives rise to their cause of action. Furthermore, Plaintiffs explicitly allege that Defendant Household Finance Corporation III was not the servicer of the mortgage loan in

---

[24] Order Granting in Part and Denying in Part the Plaintiff's Motion to Vacate Judgment of May 25, 2017, ECF 65, at p. 14., citing 12 C.F.R. § 1024.2(b)(26) (2013); *see also* 15 U.S.C. § 1602(cc)(7) (the term servicer has the same meaning as in section 2605(i)(2), which means the "person responsible for servicing of a loan.")

[25] Second Am. Compl., ECF 66, at ¶ 15.

June 2013. Because Section 1026 (2013) imposes obligations only upon "servicers" of mortgage loans, Plaintiffs have failed to state a claim against HFC. For these reasons, the Court should dismiss Plaintiffs' Second Amended Complaint with prejudice.

[*Signature Page Follows*]

Dated: August 4, 2017　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/Joseph P. Griffith*
　　　　　　　　　　　　　　　　　　　　　Peter S. Wahby
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24011171
　　　　　　　　　　　　　　　　　　　　　　S.D. Texas Bar No. 37917
　　　　　　　　　　　　　　　　　　　　　　wahbyp@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　Joseph P. Griffith
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 24045982
　　　　　　　　　　　　　　　　　　　　　　S.D. Texas Bar No. 946129
　　　　　　　　　　　　　　　　　　　　　　griffithj@gtlaw.com
　　　　　　　　　　　　　　　　　　　　　Shari L. Heyen
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 09564750
　　　　　　　　　　　　　　　　　　　　　　S.D. Texas Bar No. 13664
　　　　　　　　　　　　　　　　　　　　　　heyens@gtlaw.com

　　　　　　　　　　　　　　　　　　　　　GREENBERG TRAURIG, LLP
　　　　　　　　　　　　　　　　　　　　　2200 Ross Avenue
　　　　　　　　　　　　　　　　　　　　　Suite 5200
　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　Tel: (214) 665-3600
　　　　　　　　　　　　　　　　　　　　　Fax: (214) 665-3601

　　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS HSBC
　　　　　　　　　　　　　　　　　　　　　MORTGAGE SERVICES INC. AND
　　　　　　　　　　　　　　　　　　　　　HOUSEHOLD FINANCE CORPORATION III

## CERTIFICATE OF SERVICE

　　　I hereby certify that the foregoing document was served on all counsel of record via the Court's CM/ECF system on August 4, 2017.

　　　　　　　　　　　　　　　　　　　　　*/s/Joseph P. Griffith*
　　　　　　　　　　　　　　　　　　　　　Joseph P. Griffith